**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**SHARON MACNEIL,** on her
own behalf and o/b/o her minor
children **A.T.M.** and **C.E.M.**,

                Plaintiff,            1:14-cv-1398
                                          (GLS/CFH)

        v.

**CAROLYN W. COLVIN,**
Commissioner of Social Security,

                Defendant.
_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Hughes, Hubbard Law Firm        HAGIT M. ELUL, ESQ.
One Battery Park Plaza            MILES D. ORTON, ESQ.
12th Floor
New York, NY 10004

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN    SANDRA M. GROSSFELD
United States Attorney             Special Assistant U.S. Attorney
Syracuse, NY 13261

Steven P. Conte
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe
Senior District Judge**

# **MEMORANDUM-DECISION AND ORDER**

## **I. Introduction**

Plaintiff Sharon MacNeil, on her own behalf and o/b/o her minor children A.T.M and C.E.M., challenges defendant Commissioner of Social Security's denial of Disability Insurance Benefits, seeking review under 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.) In a Report-Recommendation and Order (R&R) filed February 8, 2016, Magistrate Judge Christian F. Hummel recommended that the Commissioner's decisions be affirmed. (Dkt. No. 15.) Pending are MacNeil's objections to the R&R. (Dkt. No. 16.) For the reasons that follow, the court adopts the R&R in its entirety.[1]

## **II. Background**[2]

On October 8, 2009, MacNeil filed applications for child's survivor insurance benefits under the Social Security Act ("the Act") on behalf of her two minor children. (Tr.[3] at 33-36.) MacNeil sought such benefits on the

---

[1] The court is in receipt of MacNeil's April 2016 letter requesting oral argument on her objections. (Dkt. No. 20.) The court has considered this request and determined that oral argument is unnecessary. Accordingly, MacNeil's request is denied.

[2] The court incorporates the factual recitations of the parties and Judge Hummel. (*See generally* Dkt. Nos. 15, 16, 19.)

[3] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 10.)

wage earnings record of her deceased husband. (*Id.* at 33, 58-59.) After her applications were denied, MacNeil requested a hearing before an Administrative Law Judge (ALJ) and a hearing was scheduled for December 14, 2012. (*Id.* at 78-79, 142, 147.) A hearing was not ultimately held, however, as the sole issue in dispute was a matter of law, rather than a matter of fact, and MacNeil was "amenable to waiving an evidentiary hearing." (*Id.* at 18, 27.) The legal question before the ALJ was whether MacNeil's children, conceived through in vitro fertilization and born more than eleven years after the death of her husband, are "children" of the deceased wage earner, within the meaning of Social Security Law. (*Id.*) On February 14, 2013, the ALJ issued two nearly identical decisions denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review.[4] (*Id.* at 3-12, 15-32.)

    MacNeil commenced the present action by filing a complaint on November 18, 2014, seeking judicial review of the Commissioner's determination. (Compl.) After receiving the parties' briefs, Judge Hummel

---

[4] The ALJ issued identical, yet separate decisions for each of MacNeil's children. (Tr. at 18-23, 27-32.)

3

issued an R&R recommending that the Commissioner's decisions be affirmed.  (*See generally* Dkt. No. 15.)

### III.  <u>Standard of Review</u>

By statute and rule, district courts are authorized to refer social security appeals to magistrate judges for proposed findings and recommendations as to disposition.  *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18.  Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge.  If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*.  *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006).  In cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error.  *See id.* at *4-5.

### IV.  <u>Discussion</u>

In the R&R, Magistrate Judge Hummel recommended that this court

4

affirm the ALJ's determination that MacNeil's children cannot inherit under the New York State Estates, Powers and Trusts Law (EPTL), and, thus, are not deemed "children" under the Social Security Law.[5] (Dkt. No. 15 at 11-17.) Further, he concluded that the ALJ did not violate the children's Fifth Amendment right to equal protection. (*Id.* at 17-19.) MacNeil purports to object to the R&R on numerous grounds. Specifically, she asserts that Judge Hummel: (1) improperly interpreted New York case law to support his interpretation of the EPTL; (2) wrongly determined that the ALJ and Appeals Council analyzed the correct section of the EPTL; (3) "applied the ALJ's erroneous determination that" such incorrect section of the EPTL "implicitly barred all posthumously-conceived children from inheriting under the intestacy statute"; (4) erroneously determined that intermediate scrutiny did not apply to MacNeil's equal protection claim; and (5) incorrectly analyzed her equal protection claims under rational basis review. (Dkt. No. 16 at 3-15.)[6] The substance of the third and forth

---

[5] "Under 42 U.S.C. § 416(h)(2)(A), an applicant is eligible to receive child's survivor insurance benefits through a deceased, insured worker, only if the intestacy law of the deceased's domiciliary state would recognize the applicant as a 'child' of the deceased." *Bosco ex rel. B.B. v. Colvin*, No. 10 Civ. 7544, 2013 WL 3357161, at *1 n.2 (S.D.N.Y. July 3, 2013).

[6] MacNeil also contends that Judge Hummel improperly analyzed the ALJ's decision under a "substantial evidence" standard, as opposed to determining whether the ALJ's conclusions were based on errors of law. (Dkt. No. 16 at 4 n.1.) However, the court notes that Judge Hummel correctly laid out the standard of review a district court must apply in evaluating

arguments was previously raised in MacNeil's brief and considered and rejected by Judge Hummel. (*Compare* Dkt. No. 11 at 16-19, 19-23, *with* Dkt. No. 16 at 6-9, 13-14.) These "objections," therefore, are general and invoke review only for clear error. *See Almonte*, 2006 WL 149049 at *4.

MacNeil's remaining three arguments — that Judge Hummel overlooked the fact that the ALJ and Appeals Council did not analyze the correct section of the EPTL, improperly interpreted New York case law, and erroneously applied rational basis review — contain specific legal objections to Judge Hummel's conclusions, and the court will review these objections to the R&R *de novo*.

## A. N.Y. EPTL § 4-1.2

MacNeil asserts that Judge Hummel, unlike the Commissioner,

---

the Commissioner's findings of fact and conclusions of law. (Dkt. No. 15 at 3-5); *see* 42 U.S.C. § 405(g); *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008) ("When reviewing the Commissioner's final decision under 42 U.S.C. 405(g), the court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. . . . Failure to apply the correct legal standards is grounds for reversal." (internal quotation marks and citations omitted)). Judge Hummel then evaluated the applicable Social Security Law, the New York EPTL, and the rules of statutory construction and concluded that, as the ALJ pointed out, EPTL § 4-1.1(c) indicates that children born during the decedent's lifetime are eligible to inherit, while children not born during the decedent's lifetime are not. (Dkt. No. 15 at 5-7, 11-14.) Judge Hummel explicitly found that "the ALJ applied proper principles of statutory interpretation" and, further, that the Commissioner's reading of the EPTL "reflects the plain meaning of" the statute. (*Id.* at 14.) Accordingly, while Judge Hummel found that "substantial evidence supports the Commissioner's conclusion that New York intestacy law then in effect did not allow a [posthumously] conceived child to inherit intestate," (*id.* at 17), it is abundantly clear that he determined that the ALJ's conclusions were not based on errors of law.

6

"actually analyzed EPTL's section 4-1.2's application to the MacNeil children." (Dkt. No. 16 at 5.) According to MacNeil, the failure of the ALJ "to even mention the applicable law . . . demonstrates that the Commissioner did not apply the proper legal standards and constitutes a basis for reversal." (*Id.*) Judge Hummel considered MacNeil's arguments with respect to EPTL § 4-1.2, and "disagree[d] with [her] that the ALJ ignored the effect of EPTL 4-1.2." (Dkt. No. 15 at 12.) MacNeil now "objects to [Judge Hummel]'s disagreement." (Dkt. No. 16 at 5.) A review of the ALJ's decisions, however, convinces the court that the ALJ did not ignore section 4-1.2 of the EPTL.

As relevant here, that section provides that "[a] non-marital child[7] is the legitimate child of his father so that he and his issue inherit from his father and his paternal kindred if . . . paternity has been established by clear and convincing evidence." N.Y. EPTL § 4-1.2(a)(2)(C) (McKinney's 2016). Although the ALJ did not cite this provision, he determined that there was "clear and convincing evidence that the [children] are indeed the

---

[7] Because a marriage ends at the death of a spouse, MacNeil's children are non-marital children. *See Bosco ex rel. B.B. v. Astrue*, No. 10 Cv. 07544, 2013 WL 3358016, at *7 (S.D.N.Y. Feb. 19, 2013), *report and recommendation adopted in part, rejected in part sub nom. Bosco ex rel. B.B. v. Colvin*, 2013 WL 3357161.

7

biological children of the deceased wage earner." (Tr. at 19-20.) This did not end the ALJ's analysis of whether the children could inherit from their father, however. Instead, the ALJ went on to consider EPTL § 4-1.1(c) — which declares that children conceived before the death of the decedent, but born thereafter, take as if they were born in the decedent's lifetime — and determined that this language indicates that children born during the decedent's lifetime are treated in a different manner than those who are not. (*Id.* at 20-21.) Accordingly, the court agrees with Judge Hummel that the ALJ did not fail to apply the applicable provisions of the EPTL, (Dkt. No. 15 at 12), and MacNeil's claim that the case must be remanded for the ALJ to consider the applicable EPTL provision is without merit.

**B.    New York Case Law**

According to MacNeil, the New York case law Judge Hummel cited in his decision does not support his "interpretation of a total barrier preventing posthumously-conceived children from inheriting under the intestacy statute." (Dkt. No. 16 at 9-10.) Again, the court finds MacNeil's arguments to be without merit.

In her attempt to distinguish the present case from *In re Uhl*, 33 A.D.3d 181 (4th Dep't 2006), MacNeil fails to acknowledge the proposition

8

Judge Hummel and the ALJ relied on. (*Id.* at 10; Tr. at 20.) In that case, the New York State Appellate Division, Fourth Department held that the rights of persons having an interest in an estate are fixed as of the date of death. 33 A.D.3d at 184-85. MacNeil fails to point to any authority that contradicts this proposition. (Dkt. No. 16 at 10.) Further, MacNeil complains that the "passing dicta" in *In re Martin B.*, 17 Misc. 3d 198 (N.Y. Surr. Ct. 2007), should be read in context of the Surrogate Court's ultimate determination in that case that posthumously-conceived children were issue and descendants for purposes of the trust language that the court was tasked with interpreting. (Dkt. No. 16 at 11.) Once again, MacNeil's argument misses the mark. Regardless of any trust language that is irrelevant to the case at hand, the Surrogate Court noted that, in New York, the right of a posthumous child to inherit in intestacy or as an after-born child under a will is limited to a child conceived during the decedent's lifetime,[8] and, further, the Court explained that "[s]uch limitation was intended to ensure certainty in identifying persons interested in an estate

---

[8] As noted by Judge Hummel, (Dkt. No. 15 at 7 n.6), the EPTL was amended in 2014 to allow for inheritance of a child conceived after the death of a genetic parent if the child is in utero no later than twenty-four months after the genetic parent's death or born no later than thirty-three months after the genetic parent's death. *See* N.Y. EPTL § 4-1.3. The parties agree, however, that this provision does not apply here, as the amendment became effective after the date of the Commissioner's final decision. (Dkt. No. 15 at 7 n.6; Dkt. No. 19 at 7 n.3.)

9

and finality in its distribution." 17 Misc. 3d at 201. Lastly, although MacNeil is correct in noting that the decision in *Bosco ex rel. B.B.*, 2013 WL 3358016, is not controlling here, (Dkt. No. 16 at 11), the court finds the reasoning of the Magistrate Judge's report and recommendation in that case persuasive. For all of these reasons, MacNeil's arguments fail.

## C. Rational Basis Review

Finally, MacNeil argues that "even if rational basis review was appropriate" the Commissioner's "erroneous interpretation of the New York intestacy law [does not] meet[]" this standard. (Dkt. No. 16 at 14-15.) MacNeil contends that the Commissioner's interpretation of New York intestacy law draws an arbitrary and erroneous distinction to exclude some, but not all, posthumously-born children from inheriting, and that this distinction cannot be reasonably related to any government interest. (*Id.* at 15.) In particular, MacNeil contends that this distinction cannot be reasonably related to the government's interest in reserving benefits for those children who have lost a parent's support. (*Id.*) The court disagrees. As Judge Hummel explained, because children conceived after the death of an insured wage earner do not *lose* the actual or anticipated support of that parent, the distinction drawn in the EPTL and applied by the

Commissioner is reasonably related to the government's interest in reserving benefits for those children who have lost a parent's support. (Dkt. No. 15 at 15-16, 19.)

D. **Remaining Findings and Conclusions**

As to the remainder of MacNeil's objections, the court, having carefully reviewed the record, finds no clear error in the R&R and accepts and adopts it in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that MacNeil's letter motion seeking oral argument (Dkt. No. 20) is **DENIED**; and it is further

**ORDERED** that Magistrate Judge Christian F. Hummel's February 8, 2016 Report-Recommendation and Order (Dkt. No. 15) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the decisions of the Commissioner are **AFFIRMED** and MacNeil's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

April 26, 2016
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge